LISA SCOLARI
Attorney at Law
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
scolarilaw@gmail.com
(212) 227-8899

May 8, 2024

Hon. Gregory H. Woods
United States District Court
Southern District of New York
New York, N.Y. 10007
*via ECF and WoodsNYSDChambers@nysd.uscourts.gov*

Re: United States v. Jesse Gibson,
22 Cr. 195 (GHW)

Your Honor:

We write to respond to the government's suggestion that 96 months is an appropriate sentence in this case. It was not possible to reach a plea agreement with the prosecutor in this matter because she had an incorrect view of the guidelines and submitted a *Pimental* letter that contained a 121-151 month guideline range. In contrast to the *Pimental*, the probation department has found that the correct guideline range is 57-71 months and recommends a 57 month sentence. Despite this, the prosecutor requests a sentence that is more than two years higher than the top of the guideline range.

The 96 month request is wildly out of line with plea agreements that have been entered into by the S.D.N.Y. Office in at least three felon in possession cases where the defendants actually shot guns at others on the streets of New York City. There was no lack of evidence in any of those cases as each shooting was captured on video. In the first case, the defendant shot a gun in broad daylight, was in Criminal History Category IV and had an agreement with a 77-96 month guideline. The second defendant shot a gun on a busy street and hit a bystander in the foot. That defendant fell into Criminal History Category IV and his plea agreement range was 77-96 months. The third defendant shot a gun on a residential street during daytime, was in Criminal History II, and received an agreement that contained a 21-27 month range.

The prosecution's sentencing arguments, repeated several times, emphasize factors that have already been accounted for in the guideline calculation: the number of guns involved in the case, the lack of a serial number on one gun,  and Mr. Gibson's criminal history. The prosecutor also stressed the claim that two of the guns had been "used in multiple shootings" but the guidelines do not contain an enhancement for a gun that was used in a shooting. There is no evidence whatsoever that Mr. Gibson had any knowledge of the guns having been fired and he should not be further penalized for selling a gun in that condition.

*The Gorilla Stone Gang arguments*

In an effort to contradict Mr. Gibson's assertion that he left the Gorilla Stone Gang behind when released from state prison, the prosecution's submission included several photographs of Mr. Gibson that were taken from his public, non-private Facebook and Instagram accounts. Apart from one picture which depicts Mr. Gibson and another in jail, all of the photos

are several years old,  from early 2021, and were originally posted shortly after he had been released from state prison. The jail photo is even older than the 2021 pictures as it shows Mr. Gibson while on Rikers Island, which is also known as "The Rock". Rather than including the entire Facebook post the prosecution left out the caption under that photo which makes it clear that it was taken during Mr. Gibson's time on Rikers, "the Rock".



The Rock

Mr. Gibson has acknowledged that he was a member of Gorilla Stone (G.S.) while in state custody and that Rikers photo shows another man making a GS gang sign. In some of the pictures originally posted in early 2021 Mr. Gibson is posing by squatting down and placing a fist on the ground. That is a GS pose. However he no longer considered himself a GS member after leaving jail since he was not participating in the gang. He wasn't involved in activities such as meetings or GS criminal conduct. He simply posed that way sometimes out of habit. The prosecution has attempted to tie Mr. Gibson to GS leader Brandon Nieves, the person who had rented the storage unit before took it over,  but Mr. Gibson never met him and did not know his name. Mr. Nieves had gone to prison and another person told Mr. Gibson that the unit was available.

The prosecution also suggests that the Court draw a disturbing inference from the timing of the re-posting of the old photos--that since they were posted while Mr. Gibson was incarcerated in this case he must have had access to an illegal phone and posted them himself. That is not correct. Mr. Gibson's brother confirmed to counsel that he had Mr. Gibson's password and he had re-posted old photos on Mr. Gibson's Facebook during the instant incarceration. He said that he re-posted  without Mr. Gibson's knowledge and explained that he did so, as many loved ones of inmates do, to help keep Mr. Gibson connected to his friends; to remind people that Mr. Gibson is still around and should not be forgotten. Interestingly, the vast majority of Mr. Gibson's Facebook friends/followers are women and there are no Gorilla Stone Gang members in that friend group.

Respectfully,

*Lisa Scolari*

Lisa Scolari and Thomas Ambrosio

2